THERESA HAMM, Respondent, *v.* QUEENS-NASSAU TRANSIT LINES, INC., Appellant, Impleaded with LOUIS KOLIMAGO and ELIZABETH KOLIMAGO Respondents.

Second Department, June 24, 1940.

*Frederick Evan Crane* [*Wallace T. Stock* with him on the brief], for the appellant.

*Henry Vollmer, Jr.* [*Harry Heller, Louis B. Heller* and *Coleman Charney* with him on the brief], for the plaintiff-respondent.

*William J. Harnisch,* for the defendants-respondents.

PER CURIAM. Action for damages for personal injuries suffered by plaintiff. She was struck by an automobile owned by defendant Elizabeth Kolimago and operated by defendant Louis Kolimago, due to the alleged negligence of the corporate defendant bus owner in prematurely starting a bus. Plaintiff sued the bus owner and the automobile owner and operator. On the trial the jury rendered a verdict in favor of plaintiff and against the corporate defendant, Queens-Nassau Transit Lines, Inc., and in favor of the individual defendants.

Plaintiff on a clear, dark night, April 7, 1939, about seven-forty P. M., was a passenger on a bus operated by the corporate defendant. It stopped to discharge passengers, not at the curb, but in the middle of the roadway some distance from the bus stop at the corner of One Hundred and Sixty-fourth street and Goethals avenue, Queens county. The defendant bus company had another bus parked at the regular bus stop. Plaintiff claims that she was the

last to emerge from the bus and that she proceeded to cross in front of it about four feet therefrom. When she had gotten about midway across the path of the bus, it prematurely started and she was hurried out of that path by the oncoming bus into the path of an automobile, owned by defendant Elizabeth Kolimago and operated by the defendant Louis Kolimago, which was coming from the rear and to the left of the bus. The Kolimago automobile struck her, inflicting severe injuries.

The defendant bus company asserts that from the time the bus came to a standstill for the purpose of discharging passengers at the improper place on the highway it never moved until after the accident had happened.

The defendants Kolimago assert that their automobile, traveling in a northerly direction on One Hundred and Sixty-fourth street, had trailed the bus for sometime, and that when some distance behind it, Louis Kolimago noted that the bus had stopped and that the lights on the rear of the bus gave a " stop signal;" that as the automobile approached the standing bus and came abreast a portion of it, the stop signal changed and the bus started in motion; that as a consequence Kolimago, after having slowed down as he approached the bus, did not stop but continued on to pass the bus, on the assumption that the stopping and movement of the bus at that portion of the road did not indicate that any passengers were being discharged, but indicated that the path in front of the bus was clear and, therefore, no one was reasonably likely to emerge therefrom.

On this appeal the defendant bus company asserts that the complaint should be dismissed; that it was not negligent and that a finding to that effect is against the weight of the evidence. It did not move at the close of the plaintiff's proof to dismiss and impliedly recognized that on the plaintiff's proof at that stage a jury question was presented as to the negligence of the bus company. Apart from that factor, the proof revealed that there was a jury question. The defendant bus company asserts that the plaintiff's testimony, and presumably the other proof which she was free to invoke, do not reveal that when she got midway across the path of the standing bus (that is at the time the bus started) she changed or accelerated her pace; and on this premise the defendant bus company argues that the claimed premature starting of the bus did not cause her to hurry out of the path of the bus into the path of the oncoming automobile. The jury were required to evaluate her version in the light of that which they observed in connection with her entire testimony, which revealed to them the degree of possession by her of facile and apt expression in conveying

her meaning. With that in mind they were free to find that when she said the bus was standing still when she started " to walk across and when I got about the centre I saw the bus coming towards me so I walked fast," she was stating that she had changed her pace to a faster one as a consequence of the bus coming toward her after she had reached the center of the path in front of the bus. They could interpret her language to mean that when she walked across to about the center and saw the bus coming toward her she used the word " so " to convey the meaning " and then," so that her meaning was " and then I walked fast." The same view was permissible to the jury in respect of at least three other parts of her testimony directed to that particular part of the incident. Moreover, the testimony of the witness Netzel, the defendant Louis Kolimago and his witness Biehler is susceptible of the view that a hurrying or change of pace occurred when the plaintiff got to a point three feet across the path of the bus, which was the time the bus moved toward plaintiff. In addition, the jury had before them the type of woman the plaintiff was in respect of her size and other indications of leisurely movement, together with the fact that she was the last of a group of people to leave the bus and cross in front of it, long after the rest of the group which crossed the roadway to the mall.

On the issue of whether the bus moved, the jury were free to give plaintiff the benefit of testimony to that effect from four witnesses — herself, her witness Netzel, the defendant Louis Kolimago and his witness Biehler. They were likewise free to reject the contrary contention advanced by five witnesses — the bus chauffeur and four passengers. The credibility of the passengers was seriously affected. The jury could find that they were not in a position to see all that they claimed they saw and that they were not attentive enough to the situation to know whether before the accident happened the bus had or had not started. In addition, there were serious contradictions and prior inconsistent statements in the testimony of the bus chauffeur and the passenger Bressler.

The finding, therefore, that the defendant bus company was negligent is amply supported by the weight of evidence; that it prematurely started the bus while the plaintiff was exercising her superior right of way (under the charge of the court, which is the law of the case) and forced or hurried her out of a path of safety into a path of danger. This negligent act was aggravated by the illegal stopping of the bus in the middle of the road to discharge passengers in the roadway instead of discharging them at the curb. This fact diminished the opportunity of the plaintiff to observe conditions in the paths beyond the bus path and misled operators of oncoming automobiles.

The defendant bus company has no legal standing to question the verdict of the jury in favor of the individual defendants. These defendants had no occasion to have recourse to their cross-complaint because of the jury's verdict and the plaintiff does not appeal from that part of the verdict. A rational basis, however, exists in the evidence for the jury's verdict in favor of the individual defendants. The jury could readily find that the Kolimago car was proceeding in the same direction as the bus, 300 or more feet behind it; that its operator observed the bus stop at a place which did not indicate the discharge of passengers; that the stoplight gave him notice that the bus had so stopped; that as his automobile came closer or nearly abreast, the bus stop signal changed, indicating that the bus was in motion, and that he also observed the bus move forward; that he was free to conclude that not only were no passengers discharged but that the path in front of the bus was clear because of the movement of the bus and that, therefore, it was reasonably safe to continue and pass the bus. On such factual findings the jury were free to find the automobile operator was not negligent and that it was the bus operator's negligence that brought about the contact of the Kolimago car with the plaintiff.

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and CLOSE, JJ.

Judgment unanimously affirmed, with costs.